SCARBOROUGH *v.* DETROIT OPERATING CO.

1. MOTOR VEHICLES—"OWNER"—TRANSFER OF TITLE.
   Purchaser having exclusive use of automobile under conditional sales contract is "owner," within meaning of 1 Comp. Laws 1929, § 4658, requiring seller to transfer to purchaser certificate of title, although purchaser agreed to keep car in seller's garage.

2. SAME—FAILURE TO TRANSFER TITLE VOIDS SALE.
   Conditional contract for sale of automobile, giving to purchaser exclusive use thereof, is void under 1 Comp. Laws 1929, § 4658, where seller neglected to transfer certificate of title to purchaser.

3. SAME—VOID SALE—RIGHT TO RECOVER PAYMENTS.
   Where contract for sale of automobile is void, and seller has repossessed car, purchaser is entitled to recover payments made thereon.

4. COSTS—FAILURE TO FILE BRIEF.
   Costs are not awarded to appellee who failed to file brief, although judgment of court below is affirmed, on appeal.

Error to Wayne; Black (Edward D.), J., presiding. Submitted October 28, 1931. (Docket No. 98, Calendar No. 35,829.) Decided December 8, 1931.

Assumpsit in common pleas court by Joseph L. Scarborough against Detroit Operating Company, a Michigan corporation, and another to recover money paid under alleged void conditional sales contract for the sale of an automobile. Judgment for defendants. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendants appeal. Affirmed.

*Harold H. McLean,* for plaintiff.

*Edward N. Barnard,* for defendants.

Butzel, C. J.   Joseph L. Scarborough, plaintiff and appellee, purchased on a conditional sale contract an automobile from the Detroit Cab Company, which assigned its interest to the Detroit Operating Company.   The two companies are defendants and appellants.   The purchase price was $1,323.96, of which $195 was paid in cash and the balance, payable in monthly installments of $94.08, was evidenced by notes.   The contract contained an agreement by vendee that the automobile would be kept at the cab company's garage, and also other covenants vouchsafing the proper conduct of the vendee, the careful use of the car, etc., all tending to make the vendor more secure.   A contemporaneous license agreement between the plaintiff and the cab company related to the garaging and servicing of the car, the use of the company's name, the participation by the vendee in the company's taxicab business, the observance of the rules in regard thereto, the payments for this service, and other obligations on the part of the respective parties.   Under section (g), paragraph 2, of the license agreement, plaintiff as second party agreed with the cab company as first party as follows:

"To assign to first party or its nominee the certificate of title issued by the State of Michigan for said taxicabs, which assignment shall authorize the first party to take said taxicab wherever the same may be upon the breach by the second party of any of the terms of this license agreement or the nonpayment of the purchase price of said taxicab to the seller thereof, and to obliterate from it the name 'Detroit Cab Company' and to hold the said taxicab as security for any amounts due first party under the

terms of this agreement and for the full performance by the second party of the terms hereof."

After making payments aggregating $500 or thereabouts, plaintiff defaulted and defendant operating company peacefully repossessed the car. Plaintiff claims that, inasmuch as the certificate of title had not been transferred to him, the transaction was void under the Michigan registration of title act (Act No. 46, Pub. Acts 1921, now 1 Comp. Laws 1929, § 4658 *et seq.*), and, therefore, he is entitled to the return of the moneys paid by him. The defendants do not deny that, if the transaction is within the provisions of the act, the contract is void on account of the failure to transfer the certificate of title. *Endres* v. *Mara-Rickenbacker Co.*, 243 Mich. 5; *Ittleson* v. *Hagan*, 245 Mich. 56; *Bos* v. *Holleman De Weerd Auto Co.*, 246 Mich. 578.

The sole question presented in the instant case is whether, when a motor vehicle is sold on a conditional sales contract, the transaction is void under the Michigan registration of title act if the vendor does not, at the time of the transaction, transfer the certificate of title to the vendee. One of the purposes of the act, as stated in the title, is "to regulate purchase and sale or other transfer of ownership." Section 1 (c) of this act provides:

"The term 'owner' shall also include any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days" (1 Comp. Laws 1929, § 4658).

Defendants contend that plaintiff did not have exclusive use of the car under a lease or otherwise for a period greater than 30 days, because he had

contracted to operate the car as a taxicab, painted with the name and color of the Detroit Cab Company, and he also was required to keep the car at the vendor's garage. The license agreement was for the benefit of each party. It added another taxicab to the fleet operated by the taxicab company, and gave plaintiff certain advantages for which in turn the cab company was to receive payment. The additional fact that plaintiff agreed to keep the car at defendant's garage did not deprive plaintiff of the use of the car. The testimony shows that the car was not kept at defendant's garage. Under both the contract and the license agreement, plaintiff had the sole and exclusive right to use the car. The words "having the exclusive use thereof, under a lease or otherwise, for a period greater than 30 days," appearing in section 1 (c) of the act, are sufficiently broad to embrace conditional sales where the vendee has the exclusive use for a period of 30 days or more.

These questions were fully considered in the lower court where plaintiff recovered a judgment for $500. Judgment is affirmed, but without costs, as appellee has failed to file a brief up to the time of the writing of the opinion.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.