FULLWOOD *v.* CATSMAN.

1. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF TRIAL COURT—PREPONDERANCE OF EVIDENCE.

Findings of trial court in nonjury action to recover purchase price of truck that there was a sale and that the purchase price had been paid in full are not disturbed on appeal, where testimony does not preponderate in the opposite direction.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 896.
[2, 3] 46 Am Jur, Sales, § 35.
[2, 3] Civil rights and liabilities as affected by failure to comply with the statute upon sale of automobile. 37 ALR 1465; 52 ALR 701; 63 ALR 688; 94 ALR 948.
[3] 46 Am Jur, Sales, § 666.

2. AUTOMOBILES—SALES—CERTIFICATE OF TITLE.
   Purchaser of truck who had purchased truck from defendant
   was entitled to have a certificate of title to the truck de-
   livered to him (CL 1948, § 256.103).

3. SAME—SALES—CERTIFICATE OF TITLE—DEMAND.
   Purchaser of truck who had paid defendant in full therefor
   was entitled to recover the purchase price in full from defend-
   ant who retained possession, title and money, notwithstanding
   plaintiff's repeated demands for the certificate of title (CL
   1948, § 256.103).

Appeal from Genesee; Bishop (Clifford A.), J. Submitted June 24, 1950. (Docket No. 86, Calendar No. 44,842.) Decided December 5, 1950.

Action by Samuel Fullwood against Samuel M. Catsman, dong business as Catsman Coal Company, to recover purchase price of truck. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sherman M. Bean,* for plaintiff.

*Cline & George,* for defendant.

BOYLES, C. J. Plaintiff and defendant entered into an agreement whereby the defendant agreed to sell and the plaintiff agreed to buy a certain Chevrolet truck for $2,650. Plaintiff paid $500 down on the purchase price and the balance of $2,150, plus interest $102, was to be paid at the rate of $50 per week to be deducted from certain weekly earnings of the plaintiff. The defendant installed a concrete mixer on the truck, for the purpose of delivering Redi-Mix concrete for the defendant who was engaged in the Redi-Mix concrete business. Plaintiff agreed to use the truck and mixer exclusively to deliver ready-mixed concrete for the defendant, for which the plaintiff was to receive an agreed price per yard for delivery of the mixed concrete. The parties agreed

in writing that if the plaintiff no longer desired to continue handling concrete for the defendant, the defendant should have the option and exclusive right to purchase the truck from the plaintiff at a fair market price, and if they could not agree on the price they should be bound by the decision of 3 disinterested appraisers as to the price. Ownership of the Rex Chain Belt Mixer installed on the truck by the defendant was retained by him, to be returned to him when their hauling agreement terminated.

The truck and mixer were used by plaintiff for hauling mixed concrete for the defendant, and the defendant deducted from plaintiff's earnings for delivering the concrete until the balance of the purchase price of the truck and interest had been paid in full. A disagreement arose between the parties because the plaintiff was found to be working elsewhere instead of delivering concrete for the defendant and they terminated their hauling agreement. The defendant had never delivered to the plaintiff a certificate of title for the truck. The plaintiff several times demanded the certificate and the defendant refused it, claiming that their agreement one of employment, not a sale of the truck. Thereupon plaintiff started this suit to recover the amount paid for the truck, resulting in judgment for the plaintiff. Defendant appeals.

The appellant insists that there was not a sale of the truck but that their agreement was one for employment only—that the truck still belongs to the defendant. The case was tried by the court without a jury, the court found that there was a sale and that the purchase price had been paid in full. The testimony does not preponderate in the opposite direction.

Plaintiff was entitled to have a certificate of title to the truck delivered to him. CL 1948, § 256.103

(Stat Ann § 9.1474) in effect at the time of the transaction.*

Plaintiff has paid for the truck in full. The defendant now has the truck, the money, and the title which he has refused to transfer to plaintiff. The court properly entered judgment for the plaintiff for the full amount paid by plaintiff to defendant for the truck. *Bos* v. *Holleman De Weerd Auto Co.,* 246 Mich 578; *Scarborough* v. *Detroit Operating Co.,* 256 Mich 173.

Affirmed, with costs.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.

---

* Repealed September 23, 1949, with a saving clause (PA 1949, No 300, §§ 921, 922 [Stat Ann 1949 Cum Supp §§ 9.2621, 9.2622]), but substantially re-enacted by PA 1949, No 300, § 233 (Stat Ann 1949 Cum Supp § 9.1933).