SROKA *v.* CATSMAN TRANSIT-MIX CONCRETE, INC.

1. AUTOMOBILES—CONTRACT FOR SALE—CERTIFICATE OF TITLE—DELIVERY.

   An agreement for the purchase of a truck was void where the vendor failed to deliver the certificate of title to the purchaser, as prescribed by statute (PA 1949, No 300, §§ 233, 239).

2. CONTRACTS—AMBIGUITY.

   Ambiguities in a contract must be resolved against the party who prepared it.

3. SAME—TRUCK PURCHASE—EMPLOYMENT CONTRACT—RECOVERY OF PAYMENTS—SIMULTANEOUS AGREEMENTS—INVALID AGREEMENTS—AMBIGUITY.

   Plaintiff purchaser of truck pursuant to contract of purchase that was void because of defendants' failure to deliver certificate of title, as required by motor vehicle code, was entitled to recover down payment thereon and additional sums withheld toward payment therefor under simultaneously-executed agreement to pay plaintiff for services he rendered in transporting concrete in the truck, the separate agreement to pay for services not being invalid merely because of ambiguity therein or because the purchase agreement was invalid (PA 1949, No 300, §§ 233, 239).

Appeal from Oakland; Holland (H. Russel), J. Submitted October 18, 1957. (Docket No. 82, Calendar No. 47,338.) Decided December 24, 1957.

Action by John Sroka against Catsman Transit-Mix Concrete, Inc., and Catsman Coal Company,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 161 *et seq.*
[2] 12 Am Jur, Contracts § 252.

Michigan corporations, for moneys paid on sale of motor vehicle for which certificate of title was not delivered. Set-off and recoupment filed and, upon motion, stricken from pleadings. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Howlett, Hartman & Beier* (*Dean G. Beier,* of counsel), for plaintiff.

*Donn D. Parker* and *Winegarden & Booth,* for defendants.

CARR, J. This case has resulted from the attempted purchase of a truck by plaintiff from the defendants. Under date of April 17, 1956, an instrument in writing was executed, containing therein an agreement for the sale and purchase of said truck, said instrument being executed ostensibly by the defendant Catsman Coal Company, as seller, which the other defendant purported to represent in the transaction. The undertaking of the parties with reference to the sale was stated as follows:

"Terms of purchase: Down payment in the amount of $1,000 paid April 16, 1956. The balance of $8,950.25 which includes 6% interest and $470.25 license fee, for 1956 to be paid in 2 years or less at the rate of 1/3 of gross earnings per week. In the event the lessee no longer desires to haul concrete for the lessor the full amount of purchase price will become due and payable and above terms shall be terminated."

It is conceded that plaintiff paid to defendants the sum of $1,000, as acknowledged in the contract. However, no certificate of title of the vehicle was delivered to him as required by the motor vehicle law of the State (PA 1949, No 300, § 233 [CLS 1956, § 257.233, Stat Ann 1952 Rev § 9.1933]).

On the same day that the so-called purchase agreement was executed a further contract was entered into between plaintiff and the defendant Catsman Transit-Mix Concrete, Inc. While the instrument was ambiguous in its terms, it seems apparent that it was designed to cover services to be rendered by the plaintiff in hauling concrete for said defendant. For such services plaintiff was to be compensated at the rate of $2 per yard for concrete delivered by him according to "specifications set up by the purchaser of the concrete." The defendant Catsman Transit-Mix Concrete, Inc., obligated itself to install on the truck a concrete mixer for use in connection with the contemplated operation. It was further provided that in the event that plaintiff ceased to haul concrete under the contract said defendant would remove the mixer. While the writing in question contained many terms and provisions applicable to a lease of personal property, it is reasonably apparent that the named defendant undertook thereby to engage the services of the plaintiff in the hauling and delivery of concrete with the truck that plaintiff had agreed to purchase.

It appears from the record that plaintiff performed his contract with Catsman Transit-Mix Concrete, Inc., for a period of several months, during which time he received some cash payments, and additional amounts earned under his agreement were credited on the purchase price of the truck. No certificate of title having been turned over to him by defendants, plaintiff, under date of October 25, 1956, brought action to recover from the defendants the initial payment of $1,000 and the additional sums so credited on the purchase price. The declaration filed alleged that the purported sale was void because of noncompliance with the statute above cited and that, in consequence, plaintiff was entitled to recover said payment and the additional credits to

him resulting from deductions from his earnings under the agreement for his services in hauling and delivering concrete.

Defendants filed their answer to the declaration, admitting the execution of the sales agreement but denying that defendant Catsman Coal Company was a party thereto, and further alleging that it had not authorized the other defendant to enter into any such contract. Defendants also interposed a claim of set-off and recoupment, in substance asserting that plaintiff had been paid the sum of $2,484 by way of rental for the truck, and that, if the agreement for the purchase of said truck by plaintiff was void, the other agreement relating to the use of the truck and plaintiff's services in connection therewith was also void. After the filing of the answer plaintiff moved for a discovery as to the relation between the defendant corporations and the record of financial transactions between plaintiff and defendants as kept by the latter. This motion resulted in the filing of a so-called bill of particulars by defendants, in which Catsman Coal Company amended its prior answer to the declaration by conceding that it was a party to the contract for the sale and purchase of the truck. It was further conceded that from the total amount due plaintiff under the agreement for his services the sum of $1,453.74 had been credited to him as payments on the truck.

On motion, defendants' claim of set-off and recoupment was stricken from the answer. On the basis of the pleadings in the case, supplemented as above indicated, plaintiff moved for a judgment in his favor in the sum of $2,453.74. The motion was granted, and judgment entered accordingly against both defendants. The latter have appealed, claiming in substance that if the contract for the sale and purchase of the truck was void under the statute the companion contract for plaintiff's services was like-

wise void, that the writings in question must be construed together as evidencing a single transaction, and that the trial court was in error in striking the counterclaim.

That the agreement for the purchase of the truck was void because of defendants' failure to deliver the certificate of title is not open to question. Such failure was a misdemeanor under section 239 of the motor vehicle code (CLS 1956, § 257.239 [Stat Ann 1952 Rev § 9.1939]). *Bayer* v. *Jackson City Bank & Trust Company,* 335 Mich 99; *Drettmann* v. *Marchand,* 337 Mich 1. See, also, *Fullwood* v. *Catsman,* 329 Mich 120, which involved the interpretation and application of like provisions of the prior motor vehicle law.

In the preparation of the written agreements involved in the case forms of contracts for the rental and lease of personal property, inferentially prepared by defendants in connection with their business operations, were used. In consequence, many provisions therein are ambiguous as applied to the situation in question here, and obviously inconsistent with the purpose to be accomplished. Such ambiguities must be resolved against defendants. *D. F. Broderick, Inc.,* v. *Continental Credit Corp.,* 309 Mich 546. As before noted, plaintiff was entitled to compensation from defendant Catsman Transit-Mix Concrete, Inc., for services rendered by him in the operation of the truck and the delivery of concrete therewith on the basis of the number of yards delivered to purchasers. It is perhaps significant that in the first paragraph of said agreement it was provided that such deliveries should be made by plaintiff "as an independent contractor."

In the final analysis said defendant contracted for plaintiff's services and agreed to pay him therefor. This was in accord with the provision in the purchase agreement with reference to payments for the

truck on the basis of gross earnings per week. Obviously, when the second contract was prepared and executed defendants knew that plaintiff had not received a certificate of title of the truck. Presumably they realized that they were still the owners of the vehicle, and that they could not make him a lessor thereof by merely designating him as such. The suggested claim that the contract for services was void under the statute because of plaintiff's failure to transfer the certificate of title to defendants is wholly untenable. Because of failure of the defendants to comply with the statute plaintiff had no certificate of title to deliver at the time of the execution of the so-called lease.

The argument that the invalidity of the agreement for the sale of the truck renders void the undertaking of the defendant Catsman Transit-Mix Concrete, Inc., is also without foundation under the facts as disclosed by the record before us. The situation involved is not essentially different from that in *Fullwood* v. *Catsman, supra*. There a single written agreement was entered into between plaintiff and defendant, providing for the sale of a truck by the defendant to the plaintiff, payments therefor, the performance of services in the hauling and delivery of concrete, and compensation therefor computed with reference to deliveries made to purchasers. There the plaintiff at the time he brought action had paid the full amount of the purchase price of the truck in money and credits given him on the basis of his earnings under the contract. It was held that plaintiff, notwithstanding the invalidity of the purchase agreement because of nondelivery of the certificate of title of the truck, was entitled to recover the purchase price so paid together with an additional amount owing to him for his services.

In the case at bar it is obvious that the parties in providing for the sale of the truck had in mind the

rendition of services by plaintiff to the defendants. A separate instrument in writing embodying such understanding was entered into between plaintiff and the Catsman Transit-Mix Concrete, Inc. The other defendant was not, in terms, a party thereto. It may be inferred that the parties at the time considered it to their advantage to have 2 agreements rather than 1. Defendants are bound by the situation that they created. In any event plaintiff was entitled to the compensation provided for in the contract for his services, computed in the manner specified therein. The trial court reached the correct conclusion in holding that plaintiff was entitled to recover the amount of the down payment made by him on the purchase of the truck and the additional credits applied by defendants on the purchase price, which represented sums withheld from moneys due to plaintiff for services rendered.

The judgment is affirmed, with costs to plaintiff.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.