GROSSBART *v.* GILBERT.

1. MORTGAGES—FINDING OF AMOUNT DUE—EVIDENCE.
   Finding of amount due on real-estate mortgage indebtedness *held,* supported by defendant's deposition and other testimony.

2. SAME—PLEADINGS IN ANOTHER CASE—ESTOPPEL.
   Pleadings in suit between plaintiff mortgagors and third parties *held,* not to have contradicted the plaintiffs' position in instant suit to determine amount owed by them to mortgagee, defendant in this case, and in nowise to have worked an estoppel against plaintiffs here.

Appeal from Oakland; Hughes (Theodore F.) and Dondero (Stanton G.), JJ. Submitted April 12, 1961. (Docket No. 65, Calendar No. 48,640.) Decided September 22, 1961.

Bill by Samuel A. Grossbart and Mary Grossbart against Albert E. Gilbert to determine amount due on real-estate mortgage. Decree for plaintiffs. Defendant appeals. Affirmed.

*Leithauser & Grossbart* (*Julius M. Grossbart,* of counsel), for plaintiffs.

*Stanley Gelfund* and *George Stone,* for defendant.

DETHMERS, C. J. This is a chancery case. The entire dispute is the amount due from plaintiffs to

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Mortgages § 592.
[2] 19 Am Jur, Estoppel § 79.

defendant on a real-estate mortgage indebtedness. Defendant claims it is $15,000, plus interest, from December 1, 1958, at 7% per annum. The trial court found the amount, as of October 25, 1959, to be $13,201.19. From that finding, and decree accordingly, defendant appeals.

This is a prime example of the kind of case which ought not to be here on appeal. The record discloses, from the deposition of defendant himself, admissions of payments on the mortgage indebtedness which support the trial court's conclusions. Those payments defendant seeks to explain as having been made on another obligation due him from the mortgagor. The court found that explanation to be fantastic. An examination of defendant's deposition and the other testimony and proofs in the case does not persuade us that had we been in the position of the trial court we would have found otherwise.

We agree with the trial court that allegations of plaintiffs in their pleadings in another case between them and third parties did not contradict plaintiffs' position in this case and in nowise worked an estoppel against them here.

Affirmed. Costs to plaintiffs.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.