JONNA v. DIVERSEY CORPORATION.

VENDOR AND PURCHASER—LAND CONTRACTS—AMBIGUITIES—PAROL EVIDENCE—MERGED ORAL AGREEMENT.
    Land purchase agreement which provided that in case the purchaser failed to obtain the approval of the board of zoning appeals, as elsewhere stipulated, the deposit should be retained by the seller as liquidated damages *held*, not ambiguous, hence, parol evidence was not admissible to show an antecedent oral agreement which had been merged in the writing.

---

REFERENCES FOR POINTS IN HEADNOTE
55 Am Jur, Vendor and Purchaser §§ 98, 100.

Appeal from Wayne; Montante (James), J. Submitted October 3, 1962. (Docket No. 15, Calendar No. 49,777.) Decided December 3, 1962.

Assumpsit by James Jonna against the Diversey Corporation, an Illinois corporation, for refund of deposit on real-estate transaction. Summary judgment for defendant in common pleas court affirmed in circuit court. Plaintiff appeals. Affirmed.

*William G. Comb,* for plaintiff.

*Wallace D. Riley,* for defendant.

PER CURIAM. As in *Grossbart* v. *Gilbert,* 364 Mich 96, "this is a prime example of the kind of case which ought not to be here on appeal." It presents no question of reviewable merit and becomes another usurper of that constantly pressing time appellate courts must devote assiduously to work of critical importance.

May 24, 1961, plaintiff as purchaser and defendant as seller signed an agreement for the sale and purchase of real estate. The agreement included the following provision:

"9. In the event of default by the seller hereunder, the purchaser may, at his option, elect to enforce the terms hereof, or demand, and be entitled to, an immediate refund of the $1,000 paid to the seller upon the execution of this agreement as his liquidated damages. In the event of default by the purchaser hereunder, the seller may, at its option, elect to enforce the terms hereof, unless such default be by reason of purchaser's failure to obtain the board of zoning appeals approval as specified in paragraph 5 above, in which case, as in the case where upon purchaser's default for any other reason seller does not elect to enforce this agreement, the seller may retain the

$1,000 paid to it as option consideration or liquidated damages respectively."

The plaintiff purchaser was unable to obtain the necessary approval by the board of zoning appeals. The sale accordingly did not go through. After demand and refusal he brought suit against defendant in Detroit common pleas to recover the $1,000 paid by him as above. Each party filed motion for summary judgment with supporting affidavits. Plaintiff claimed an oral understanding that there would be a refund of the deposit if such approval was not obtained; whereas defendant claimed the written instrument was controlling. Common pleas granted defendant's motion. Plaintiff appealed to circuit. Judge Montante affirmed, holding that the oral agreement as claimed was merged in the writing and, since there was no ambiguity in the writing, the parol evidence rule applied.

Citing *Sroka* v. *Catsman Transit-Mix Concrete, Inc.,* 350 Mich 672, plaintiff says that "ambiguities in a contract must be resolved against the party who prepared it." No matter who prepared this agreement, we find in it no ambiguity respecting the seller's right to retain the paid sum of $1,000. The parties, employing simple English, stipulated that such sum should belong to the seller in event of nonapproval, by the Detroit board of zoning appeals, of an application for nonconforming use the purchaser agreed to make. The application was duly presented to the board by the purchaser. It was duly denied. Nothing more need be said.

Affirmed. Costs to defendant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.