**In re James Douglas STULTS and Linda Ellen Stults, Debtors.**

**Lloyd A. KELLUM, Trustee, Plaintiff,**

v.

**Florine HERSHBERGER, Defendant.**

**Bankruptcy No. NK 85–02704.
Adv. No. 86–0332.**

United States Bankruptcy Court,
W.D. Michigan.

Oct. 7, 1986.

Mehl, Mehl, Beeson & Leatherman (Thomas M. Leatherman), Goshen, Ind., for defendant.

Stanley, Davidoff & Gray, P.C. (Robert E.L. Wright), Kalamazoo, Mich., for plaintiff.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

### MOBILE HOME—CONDITIONAL SALE—RETENTION OF TITLE

This matter is before the Court on plaintiff's motion for summary judgment. Plaintiff argues in his motion that a trustee in bankruptcy may use his "strong arm" powers to avoid the interest of a mobile home vendor who sells pursuant to a "conditional sales contract" and who fails to deliver the certificate of title to her buyer. For the reason that the plaintiff's argument assumes the resolution of factual issues which remain in dispute, his motion is denied. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962).

The debtors, James and Linda Stults, purchased a mobile home from the defendant on June 13, 1980. The contract of sale (entitled "Condition Sales Contract") provided that the seller would deliver clear title to the buyers *after* the buyers had "completed all payments" under the contract. Defendant's answer at ¶ 4. Sometime during 1984, the debtors moved the mobile home to Michigan. The defendant apparently consented to the move.

Debtors filed for bankruptcy on December 5, 1985. The present action was brought by the trustee on April 18, 1986.

### DISCUSSION

To resolve the perfection issues raised by this case, the Court must make recourse to Indiana law. The Michigan Uniform Commercial Code ("U.C.C.") expressly provides that "... perfection and the effect of perfection or nonperfection of a security interest are governed by the law (including conflicts of laws rules) of the jurisdiction issuing [a] certificate [of title] until 4 months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate." Mich.Comp.Laws Ann. § 440.9103(2)(b) (1964) (Mich.Stat. Ann. § 19.9103(2)(b) (Callaghan 1981)). In this case, the mobile home has not been registered in Michigan and the certificate of title has not been surrendered by the defendant, so Indiana law controls.

As a general rule, under the U.C.C. as adopted in Indiana and elsewhere, a conditional sales contract is a contract in-

tended to create a security interest in personal property for the benefit of the seller. U.C.C. § 9–102. This rule is consistent with U.C.C. § 9–202 which provides that each provision of Article 9 applies whether title to collateral is in the secured party or in the debtor. It follows that a seller or other secured party can not protect her interest merely by reserving title in herself. *First National Bank of Elkhart v. Smoker*, 153 Ind.App. 71, 286 N.E.2d 203, 11 U.C.C.Rep. 10 (1972).

In most states, including Michigan and Indiana, statutes have been promulgated which require a seller of a titled vehicle to turn the certificate of title over to the buyer at the time of the sale. See, Mich. Comp.Laws Ann. § 257.233 (1973) (Mich. Stat.Ann. § 9.1933 (Callaghan 1981)); Ind. Code Ann. §§ 6–1.1–7–10.4, 9–1–2–1 (West 1977). It has often been held that failure to comply with these provisions renders the sales contract void and that monies paid under the terms of such a void contract are recoverable by the purchaser. *Waldron v. Drury's Van Lines, Inc.*, 1 Mich.App. 601, 608, 137 N.W.2d 743 (1965) (citing, *Scarborough v. Detroit Operating Co.*, 256 Mich. 173, 239 N.W. 344 (1931), *Fullwood v. Catsman*, 329 Mich. 120, 44 N.W.2d 898 (1950) and *Sroka v. Catsman Transit-Mix Concrete, Inc.*, 350 Mich. 672, 86 N.W.2d 801 (1957)). This raises the obvious issue of whether the trustee's remedy in this case is rescission or avoidance of the sellers lien.

■ The Court, however, can not decide this issue on the record it has been provided. Under what appears to be a rather peculiar provision in Indiana law, a seller can comply with the certificate of title delivery requirements even though she has the certificate delivered back to herself. The law in question provides: "The certificate of title shall be delivered to the owner [ (here, the purchaser) ] in the event no lien or encumbrance appears thereon. Otherwise the certificate of title shall be delivered to the person named to receive the same in the application for such certificate." Ind.Code § 9–1–2–1 (West 1977).

This provision allows the secured party to direct delivery of the certificate of title to herself. Thus, it may very well be that our defendant holds a certificate of title delivered to her pursuant to § 9–1–2–1 upon which her security interest is noted. In that case her security interest is perfected and the trustee's claim under 11 U.S.C. § 544 must fail.

We would add that we must engage in this speculation for the dual reason that the defendant has denied in her answer that her interest in the mobile home is unperfected and no affidavits or other documents to the contrary have been submitted to the Court. The Court, then, is simply resolving the factual disputes in favor of the non-movant as instructed by the Court of Appeals in *Bohn Aluminum, supra*.

Plaintiff's motion is denied. No costs to either party. An order will enter accordingly this date.