ROE *v.* FLAMEGAS INDUSTRIAL CORPORATION

1. AUTOMOBILES—SALES—ORAL CONTRACT—ENFORCEABILITY.
   An oral contract for purchase of a truck of the value of more than $500 is not unenforceable under the uniform commercial code where the truck has been received and accepted (MCLA § 440.2201[3][c]).

2. AUTOMOBILES—RETAIL INSTALLMENT SALE—VEHICLE CODE.
   A retail installment sale of a vehicle by oral contract is void under the motor vehicle retail installment sales act (MCLA § 566.302).

3. PLEADING—STATUTES—FAILURE TO PLEAD—JUDICIAL NOTICE.
   Failure to plead a statute does not bar reliance on the statute by the courts which are bound to take judicial notice of public statutes.

4. CONTRACTS—VALIDITY—VIOLATION OF MOTOR VEHICLE CODE.
   The purchaser is entitled to recover all payments made under a contract for sale of a vehicle void under the motor vehicle retail installment sales act because not in writing and canceled by seller even though he has had use of the vehicle (CL 1948, § 566.302).

Appeal from Common Pleas Court of Detroit, Julian P. Rodgers, J. Submitted Division 1 January 7, 1969, at Detroit. (Docket No. 5,111.) Decided February 26, 1969. Rehearing denied April 4, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 272.
[2, 4] 46 Am Jur, Sales §§ 5, 35.
   Construction of statutes regulating form and contents of motor vehicle instalment sales contracts. 73 ALR2d 1430.
[3] 41 Am Jur, Pleading § 11.

Complaint by Norman C. Roe against Flamegas Industrial Corporation, a Michigan corporation, to recover payments made toward the purchase of a truck. Judgment for plaintiff. Defendant appeals. Affirmed.

*Eugene R. Bolanowski,* for plaintiff.

*Schuur & Keating,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM.   Plaintiff, Roe, began employment with defendant as a route salesman in September of 1966. Pursuant to his employment, plaintiff was required to obtain use of a truck. Plaintiff testified that he reached an agreement to purchase a truck from defendant and began payments of $50 per week. Defendant, to the contrary, alleged that their oral agreement merely provided that plaintiff rent the truck for $50 per week.

The trial court entered judgment for plaintiff, finding that he paid certain monies toward purchase of the truck, that the agreement for purchase was not in writing, that this agreement was void under the Michigan motor vehicle code, and that the defendant in canceling the agreement could not retain the payments.

Defendant appeals, claiming no evidence supported plaintiff's allegation that an oral contract of purchase existed. Upon a review of the record we find sufficient evidence from which a judge could establish the existence of an oral contract for the sale of the truck.

Defendant also contends that even if an oral contract existed, it would be unenforceable pursuant to

the uniform commercial code statute ·of frauds, MCLA § 440.2201 (Stat Ann 1964 Rev § 19.2201). However, the record indicates the truck in question had been received and accepted by plaintiff. As such, under subsection (3)(c) of the uniform commercial code statute of frauds, the contract is enforceable and the statute is inapplicable.

Since the trial court properly found the existence of an oral contract for purchase of the truck, the remaining issue concerns plaintiff's efforts to obtain a refund on his payments. Defendant contends that under the agreement there was no provision for a refund. Plaintiff in his complaint alleged that the contract provided for a refund and upon appeal also contends, as the trial judge held, that the contract was void under Michigan statutes.

The fact that the plaintiff failed to plead a statute in the original proceeding does not bar reliance on the statute by the trial court and this Court. Courts are bound to take judicial notice of public statutes. *Jackson* v. *James* (1889), 74 Mich 733; *Chapman* v. *Colby Brothers & Co.* (1881), 47 Mich 46.

The statutes relied upon by plaintiff require that every retail installment sale of a motor vehicle be in writing, that the certificate of title name the owner and security interest holder, and that the certificate of title be properly endorsed and delivered to. a transferee lawfully entitled thereto. MCLA §§ 257-. .238, 257.239, and 566.302 (Stat Ann 1968 Rev and 1964 Rev §§ 9.1938, 9.1939, and 19.415[2]). Violation of these last-named statutes voids transfer of the motor vehicle although the contract is not invalid under the uniform commercial code statute of frauds, MCLA § 440.2201 *supra*. *Sroka* v. *Catsman Transit Mix Concrete, Inc.* (1957), 350 Mich 672; *Endres* v. *Mara-Rickenbacker Co.* (1928), 243 Mich 5. As vio-

lation was demonstrated by the record, the oral contract of purchase is void.

On the question of damages, the provisions of the contract regarding a refund are inapplicable since the contract is void. Instead, when a sales contract is found to be void under the Michigan vehicle code, the purchaser has been held entitled to recover all payments made under the contract even though he has had use of the vehicle. *Scarborough* v. *Detroit Operating Co.* (1931), 256 Mich 173. As such, the trial court was correct in finding that the defendant did not have the right to retain plaintiff's payments.

Affirmed. Costs to appellee.