JOBA CONSTRUCTION COMPANY, INC v MONROE COUNTY
DRAIN COMMISSIONER

MONROE COUNTY v WESTERN CASUALTY & SURETY
COMPANY

Docket Nos. 80438, 80439. Submitted August 20, 1985, at Detroit.—
    Decided January 16, 1986. Leave to appeal denied, 425 Mich 876.

Joba Construction Company, Inc., was retained by Monroe
County to do certain construction work on a water pollution
control facility. The contract, which was signed on behalf of the
county by the county drain commissioner, Donald Burton,
provided that any claims or disputes would be decided in
accordance with the Construction Industry Arbitration Rules of
the American Arbitration Association. Rule 47 of those rules
provides that the bringing by a party of judicial proceedings
relating to any matter subject to the arbitration provisions is
not to be deemed to be a waiver of that party's right to demand
arbitration. The Monroe County Road Commission thereafter
issued a stop-work order on the basis that Joba had failed to
maintain the proper level of performance and to progress with
the work at the proper pace. Joba filed a demand for arbitra-
tion, originally naming only drain commissioner Burton but
thereafter amending the demand to include Monroe County as
a defendant. Joba then filed a complaint in Monroe Circuit
Court against Burton seeking a writ of mandamus and dam-
ages. Both Burton and Monroe County filed an answer and a
counterclaim, even though the county had not been added as a
party. Joba filed a response which included only a denial of the
counterclaim. Burton moved to prohibit arbitration, arguing
that Joba had waived its right to demand arbitration by bring-
ing the circuit court action. The circuit court, James J. Kelley,

REFERENCES

Am Jur 2d, Arbitration and Award §§ 51 et seq.

Waiver of, or estoppel to assert, substantive right or right to
    arbitrate as question for court or arbitrator. 26 ALR3d 604.

Validity and enforceability of provision for binding arbitration, and
    waiver thereof. 24 ALR3d 1325.

See also the annotations in the ALR3d/4th Quick Index under
    Estoppel and Waiver.

J., granted the motion to prohibit arbitration. Joba sought leave to appeal to the Court of Appeals. The Court of Appeals, by preemptory order, vacated the circuit court's order, holding that only the arbitrator could determine whether there had been waiver of the right to arbitrate. Docket No. 57402, order of June 4, 1981. Monroe County sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for consideration as on leave granted. 411 Mich 1025 (1981). The Court of Appeals found that the trial court had erred by proceeding while Monroe County had never been properly added as a party and concluded that, after a proper addition of the county as a party defendant, the trial court should consider the waiver question. Docket No. 59294, opinion of September 29, 1981 (unpublished).

During the pendency of the appeal, Monroe County brought an action in Monroe Circuit Court against Western Casualty & Surety Company, seeking recovery on a performance bond which had been issued by Western to cover Joba's performance on the Monroe County contract. Western, in turn, filed a third-party indemnification action against Joba. Following remand by the Court of Appeals of the original Joba action, Monroe County was added as a party defendant in the Joba action, and the Joba action and Monroe County performance bond action were consolidated. Western Casualty moved for summary and accelerated judgment on the basis that all the contract claims had been submitted to arbitration. The trial court, James J. Kelley, J., denied the motions. Joba moved for accelerated judgment on the basis that the court lacked jurisdiction to proceed because of the pending arbitration proceedings. The trial court denied Joba's motion, stayed any arbitration proceedings by enjoining the parties from participating in those proceedings, and held that arbitration had been waived and that judicial economy would best be served by deciding all of the issues in a court proceeding. Joba Construction and Western Casualty each appealed by leave granted. *Held:*

1. A party may waive the right to demand arbitration, just as any other contractual right may be waived. While the provision in the Construction Industry Arbitration Rules relative to the general intent that judicial proceedings shall not constitute a waiver of the right to proceed with arbitration is a factor to be considered in determining whether there has been waiver, such a provision does not preclude a finding that there was a waiver of the right to demand arbitration.

2. Since Joba not only commenced the court action but also

pursued discovery in the court action, Joba's conduct amounted to a waiver of its right to demand that the arbitration process continue.

Affirmed.

1. ARBITRATION — CONTRACTUAL RIGHTS — WAIVER.

A party may waive any of its contractual rights, including the right to arbitrate; a waiver of the right to arbitrate may be express or it may be implied when a party actively participates in a litigation or acts in a manner inconsistent with its right to proceed to arbitration.

2. ARBITRATION — WAIVER — ACTIONS.

Pursuing discovery in a court action may constitute a waiver of the right to pursue arbitration of the same matter, since pursuing discovery is regarded as being inconsistent with the right to demand arbitration.

3. ARBITRATION — WAIVER — ACTIONS.

A provision in a contract which states that no·judicial proceedings by a party relating to a matter subject to the arbitration proceedings shall be deemed a waiver of the party's right to arbitrate, while a factor which must be considered in determining whether a party waived its right to demand arbitration, does not in itself preclude a determination that a party has waived its right to demand arbitration by proceeding with a court action based on the same subject matter.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Ralph H. Houghton, Jr.*), for Western Casualty & Surety Co.

*Law Offices of John W. Mason, P.C.* (by *John W. Mason* and *Mary Taylor Zick*), for Joba Construction Company, Inc.

*Braunlich, Russow & Braunlich* (by *William H. Braunlich* and *William J. Braunlich, Jr.*), for Monroe County and the Monroe County Drain Commissioner.

Before: MacKenzie, P.J., and Cynar and H. E.
Deming,* JJ.

Per Curiam. These appeals, here by leave
granted, arise out of a construction contract dis-
pute. The central issue is whether Joba Construc-
tion Company, Inc., waived its right to arbitration
by maintaining its action in circuit court against
the Monroe County Drain Commissioner. In the
beginning, Joba was retained by Monroe County to
construct, install, and complete water pollution
control facilities. The county drain commissioner,
Donald Burton, signed the contract on behalf of
the county in his official capacity.

Dissatisfied with the quality of performance and
the progress of the work, the Monroe County Road
Commission issued a stop-work order in December,
1979. Joba thereupon filed a demand for arbitra-
tion with the American Arbitration Association
pursuant to the contract, originally naming only
the drain commissioner as the opposing party.
However, the arbitration claim was later amended
to include Monroe County as a defendant.

On October 30, 1980, Joba filed a complaint for a
writ of mandamus in the Monroe County Circuit
Court. The complaint also alleged Burton's tor-
tious interference with Joba's contract. An answer
and counterclaim were filed by Burton *and* Mon-
roe County, although the county had not been
formally added as a party. Joba simply denied the
counterclaim.

Buton moved to prohibit arbitration, arguing
that Joba's right to arbitrate had been waived.
The motion was granted and Joba appealed to this
Court. This Court vacated the order prohibiting
arbitration and held that the waiver issue could

* Circuit judge, sitting on the Court of Appeals by assignment.

only be determined by the arbitrator. Monroe County then applied for leave to appeal to the Supreme Court. The Supreme Court remanded to this Court, directing this Court to determine whether the circuit court or the arbitration tribunal is the proper forum to decide if a party has waived the right to arbitration.

, In an unpublished per curiam opinion (Docket No. 59294, decided September 29, 1982) this Court found that none of the formal procedures for introducing Monroe County as a party were attempted and that the trial court erred in proceeding without correcting that problem. Turning to the waiver issue, this Court concluded that the issue was one for the circuit court to resolve.

During the pendency of the appeal, Monroe County sued Western Casualty & Surety Company, seeking recovery on a performance bond issued by Western and covering the Joba construction contract. Western filed a third-party complaint against Joba, alleging an indemnification agreement.

Following remand of Joba's mandamus action to the circuit court, Monroe County was added as a defendant in that action. The mandamus action and the performance bond action were then consolidated. Western moved for accelerated judgment and summary judgment on the ground that all of the contract claims had been submitted to arbitration. The motions were denied and constitute the basis for the delayed appeal by leave in Docket No. 80439. Joba moved for accelerated judgment, arguing that the court lacked jurisdiction and that an arbitration action was pending between the parties. The circuit court denied the motion and stayed arbitration, enjoining the parties from participating in it. The denial of that Joba motion and the denial of Joba's motion for a rehearing form

the basis for delayed appeal by leave in Docket No. 80438.

The contract between Joba and Monroe County provided that all "claims, disputes, and other matters in question arising out of, or relating to, the contract documents or the breach thereof * * * shall be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association". Construction Industry Arbitration Rule 47 provides:

"No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

"The AAA is not a necessary party in judicial proceedings relating to the arbitration.

"Parties to these Rules shall be deemed to have consented that judgment upon the award rendered by the arbitrator(s) may be entered in and Federal or State Court having jurisdiction thereof."

The issue is whether Joba lost its right to arbitrate by commencing its court action and by insisting on both courses of action following this Court's earlier opinion.

The contract had the necessary language to bring this matter within statutory arbitration. See MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* The chapter on statutory arbitration, however, does not diminish or in any manner affect the equitable power of any court over arbitrators, awards, etc. MCL 600.5035; MSA 27A.3035. Thus, the judiciary has a broad role in arbitration.

A party may waive any of its contractual rights, including the right to arbitrate. A waiver may be express or it may be implied when a party actively participates in a litigation or acts in a manner inconsistent with its right to proceed to arbitration. *Bielski v Wolverine Ins Co,* 379 Mich 280; 150

NW2d 788 (1967); *Capital Mortgage Corp v Coopers & Lybrand,* 142 Mich App 531; 369 NW2d 922 (1985).

In this case, Joba evinced considerable behavior inconsistent with its right to proceed to arbitration. After requesting arbitration, Joba filed a complaint in circuit court, naming only Burton as defendant, asking for some of the same relief it requested in arbitration. When answering the counterclaim filed by Burton and Monroe County, Joba did not raise arbitration as a defense. In addition, Joba was involved in discovery beyond answering the interrogatories of Burton and Monroe County. Joba submitted interrogatories to Burton and the county on February 8, 1983. Pursuing discovery is regarded as being inconsistent with demanding arbitration, since discovery is not generally available in arbitration. *SCA Services, Inc v General Mill Supply Co,* 129 Mich App 224, 231; 341 NW2d 480 (1983), *lv den* 419 Mich 895 (1984). See also *DeSapio v Kohlmeyer,* 35 NY2d 402; 362 NYS2d 843; 321 NE2d 770 (1974), wherein the defendant waived the right to arbitration of a dispute involved in the judicial action by utilizing judicial discovery procedures and thereby affirmatively accepting the judicial forum.

Rule 47 should be considered as a factor. However, if it were to be interpreted to mean that no court proceeding could ever constitute a waiver of arbitration, it would run afoul of MCL 600.5035; MSA 27A.5035. In this case, Joba's conduct amounted to a waiver of arbitration despite the existence of Rule 47.

In its opinion, the lower court articulated one further reason for prohibiting arbitration in this case: judicial economy. The object of arbitration is the final disposition of differences between parties in a faster, less expensive, more expeditious man-

ner than is available in ordinary court proceedings. 5 Am Jur 2d, Arbitration and Award, § 1, p 519. The issues involved in the judicial proceedings, with the exception of Burton's individual counterclaim for abuse of process, are essentially the same as those involved in the arbitration proceeding. There is no right to arbitration for the abuse of process claim, nor is there a right of arbitration of the issues in the action on the performance bond. Therefore, some of the claims will have to be heard in circuit court. As the lower court stated: "No purpose would be served by requiring the same evidence and presentations before both the arbitration panel and the circuit court."

Affirmed.