Glenn HARNDEN, Plaintiff,

v.

**FORD MOTOR COMPANY et al, Defendants.**

No. 04–72036.

United States District Court, E.D. Michigan, Southern Division.

Sept. 8, 2004.

Mark P. Romano, Steven S. Toth, Consumer Legal Services, Garden City, MI, for Plaintiff.

Scott M. Erskine, Erskine Law Group, Rochester, MI, for Defendants.

Jeffrey R. Nowicki, Dolenga & Dolenga, Bingham Farms, MI, for Jayco, Inc.

## OPINION AND ORDER DENYING MOTION TO COMPEL ARBITRATION AND GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

EDMUNDS, District Judge.

This is a consumer warranty case where Plaintiff alleges that Defendants sold him a faulty recreational vehicle ("RV"). Defendants Jayco and Lloyd Bridges Traveland, Inc. ("Lloyd Bridges") move to compel arbitration. Lloyd Bridges also moves for summary judgment if the Court does not compel arbitration. For the reasons stated below, the Court DENIES WITHOUT PREJUDICE the motion to compel arbitration as to the non-warranty claims, DENIES the motion to compel arbitration as to warranty claims, and GRANTS summary judgment as to Plaintiff's warranty claims.

## I. Facts

On June 15, 2002, Plaintiff Glenn Harnden purchased a new 2001 Jayco RV from Defendant Lloyd Bridges Traveland, Inc. (Def.Ex.1.) Plaintiff's signature[1] appears on four agreements: a purchase agreement detailing the vehicle to be purchased (the "purchase agreement"), a purchase agreement detailing the financing of the RV (the "installment contract"), the warranty registration, and an "AS IS" Dealer Warranty Disclaimer. The back of the purchase agreement listed thirteen additional terms and conditions, including the following paragraph:

11. *FACTORY WARRANTY*

Unless a separate written document showing the terms of any dealer warranty or service contract is furnished by the Dealer to the Purchaser, any warranty on any new vehicle or used vehicle still subject to the Manufacturer's warranty is that made by the Manufacturer only. THE DEALER HEREBY DISCLAIMS, TO THE EXTENT PERMITTED UNDER APPLICABLE STATE LAW, ALL WARRANTIES EXPRESSED OR IMPLIED INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

*Id.*

Plaintiff also signed a document titled " '*AS IS' DEALER WARRANTY DISCLAIMER.*" That disclaimer stated:

**THIS VEHICLE SOLD WITHOUT WARRANTY: "AS IS"**

ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN DEALER ARE THEIRS, *NOT* DEALER'S, AND ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. UNLESS DEALER FURNISHED BUYER WITH A SEPARATE WRITTEN WARRANTY MADE BY DEALER ON ITS OWN BEHALF, DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON ALL GOODS AND SERVICES SOLD BY DEALER.

---

1. Plaintiff disputes that the signature on the warranty registration is his and claims it is a forgery.

PURCHASER AGREES THAT HE OR SHE HAS READ THE WARRANTY DISCLAIMER AND FULLY UNDERSTANDS THAT THE VEHICLE IS PURCHASED WITHOUT WARRANTY.

(Def.Ex.3.)

The warranty registration included the following statement: "I agree to the terms on the reverse side, and understand that I will be required to arbitrate all my claims concerning my recreational vehicle rather than going to court." (Def.Ex.2.) Plaintiff's name appears on the signature line of the warranty registration form, although he claims it is a forged signature. (Pl Aff., Ex. D.) An unsigned form titled "INFORMAL DISPUTE RESOLUTION AGREEMENT" required Plaintiff to "submit any and all claims I may have in connection with my recreational vehicle (RV) against any retail dealer, manufacturer, or supplier of component parts, to binding arbitration under the federal Arbitration Act, 9 U.S.C. § 1–14, to the extent permissible under federal law." *Id.* Jayco provided a "Motorized Transferable Limited Warranty." (Pl.Ex. C.)

Plaintiff filed suit in Washtenaw County Circuit Court on April 14, 2004, asserting that the RV required repairs at least nine times and that it had been out of service for at least 125 days. He asserts eight causes of action in his complaint:

(1) Breach of Contract;

(2) Violation of the Michigan Consumers Protection Act ("MCPA");

(3) Breach of Written Warranty Under Magnuson–Moss Warranty Act ("MMWA");

(4) Revocation of Acceptance;

(5) Breach of Implied Warranty Under MMWA;

(6) Breach of Express Warranty;

(7) Breach of Implied Warranty of Merchantability; and

(8) Violation of the Motor Vehicle Service and Repair Act.

Defendants removed the action to federal court on May 28, 2004. This Court's subject matter jurisdiction is based on Plaintiff's MMWA claim. On June 4, 2004, Defendants Jayco and Lloyd Bridges filed a motion to compel arbitration. Lloyd Bridges filed a motion for summary judgment as well.

## II. Standards

### A. Motion to Compel Arbitration

The Sixth Circuit has instructed that courts use the following four-part test to determine if it should enforce an arbitration agreement. *See Fazio v. Lehman Bros., Inc.,* 340 F.3d 386, 392 (6th Cir. 2003). First, courts must determine if the parties agreed to arbitrate. *Id.* Second, courts must determine the scope of the arbitration agreement. *Id.* Third, if a plaintiff asserts a federal statutory claim, courts must determine if Congress intended claims under the statute to be nonarbitrable. *Id.* Fourth, courts must determine whether to stay some of the case if some but not all of the claims are arbitrable. *Id.*

### B. Motion for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56(c) mandates summary

judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.,* 306 F.3d 427, 432 (6th Cir.2002).

## III. Analysis

Jayco and Lloyd Bridges move to compel arbitration. If the Court denies that motion, Lloyd Bridges moves for summary judgment. The court addresses the motion to compel arbitration first.

### A. Motion to Compel Arbitration

An arbitration agreement appears on two forms: the signed warranty registra-

tion and a separate, unsigned form that recites only an arbitration agreement. Plaintiff argues that this Court should not enforce the arbitration agreement for four reasons: (1) the signature on the warranty registration is not Plaintiff's, and therefore there is no evidence that Plaintiff agreed to the arbitration clauses; (2) the arbitration clauses are contained in documents separate from the warranty and therefore violate the MMWA's single document rule; (3) Congress intended MMWA claims to be nonarbitrable; and (4) the arbitration agreements violate two Michigan statutes: the Motor Vehicle Installment Sales Contracts Act ("MVISCA") and the Motor Vehicle Sales Finance Act ("MVSFA").[2] As explained below, there is a material issue of fact as to whether the parties agreed to the arbitration clauses. As to the warranty causes of action, however, the arbitration agreements cannot be enforced as a matter of law even if Plaintiff's signature on the warranty registration is valid. The Court addresses the motion to compel arbitration of the non-warranty claims first.

### 1. Non–Warranty Claims

Plaintiff argues that since his signature on the warranty registration is a forgery and the other arbitration clause is unsigned, there is no evidence that he entered into an arbitration agreement. He has filed an affidavit stating that the signature is a forgery. *See* Pl. Aff. ¶ 6, attached as Pl.Ex. A. Defendant responds that an arbitration clause does not have to be signed to be enforceable.

█ When asked to compel arbitration, a court must first determine whether the parties actually agreed to arbitrate. *Great*

---

**2.** Plaintiff has not raised the issue of whether Jayco, the manufacturer, can enforce the arbitration agreements between Plaintiff and

Lloyd Bridges as a third-party beneficiary, and so the Court does not address it.

*Earth Co., Inc. v. Simons,* 288 F.3d 878, 889 (6th Cir.2002). "If the validity of the agreement to arbitrate is 'in issue,' the court must proceed to a trial to resolve the question. In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit." *Id.* (citations omitted).

■ Plaintiff's evidence of forgery consists only of Plaintiff's sworn statements that the signature is not his. He also asks the Court to compare the signature on the warranty registration with his signature on other documents, but this Court is ill-equipped to compare signatures. Viewing the evidence in the light most favorable to Plaintiff, he has put the validity of the arbitration agreement "in issue."

Defendant contends that the arbitration agreement does not have to be signed to be enforceable because there is no published case holding that the agreement must be signed. Defendant also points out (but without evidence supporting) that Plaintiff received an owner's manual that also contained the arbitration agreement. As stated above, however, the Court must determine if the parties agreed to arbitrate their conflicts. There is no evidence other than Plaintiff's purported signature on the warranty registration that he agreed to the arbitration clauses.

Plaintiff also argues that even aside from the forgery issue, the arbitration is not enforceable as to his state law claims because of the Michigan Motor Vehicle Installment Sales Contracts Act ("MVISCA") and the Michigan Motor Vehicle Finance Act ("MVSFA").

The MVISCA requires that "[e]very retail installment sale of a motor vehicle shall be evidenced by an instrument in writing": and that the "written instrument shall contain all of the agreements of the parties made with reference to the subject matter of the retail installment sale." Mich. Comp. Laws § 566.302. Likewise, the MVSFA requires that "an installment sales contract shall be in writing, and shall contain all of the agreements between the buyer and the seller relating to the installment sale of the motor vehicle sold." Mich. Comp. Laws § 492.112(a).

In *Rugumbwa v. Betten Motor Sales,* 136 F.Supp.2d 729 (W.D.Mich.2001), the plaintiff alleged that the defendant made false representations about the cost of vehicle service contracts. As part of a transaction to purchase a new car, the buyer and seller executed two sales agreements and an installment contract. *Id.* at 731. The sales contracts contained an arbitration clause while the installment contract did not. *Id.* The court refused to enforce the arbitration clause because it was not included in the installment contract. *Id.* at 733. The court reasoned that "[t]he installment contract is the only instrument that contains all of the agreements related to the transaction. Accordingly, the court finds that neither sales orders would qualify as installment contract [sic] under the MVISCA and the MVSFA." The court went on to conclude:

> The clear language of the MVISCA and the MVSFA envision the execution of a single, comprehensive installment contract containing all of the agreements made by the parties with regard to the subject matter of the retail installment sale. The installment contract here does not include the arbitration clause. Accordingly, the court finds that the arbitration clause contained in the sales orders does not apply to the sale of the Camry.

*Id.*

Plaintiff argues that pursuant to *Rugumbwa,* the Court should disregard the

arbitration agreement because it is contained in a separate form from the retail installment contract. This Court disagrees, and instead agrees with the reasoning expressed in *Pack v. Damon Corp.*, 320 F.Supp.2d 545 (E.D.Mich.2004). There, the plaintiff alleged various state and MMWA causes of action. The defendant sought to enforce an arbitration agreement contained in the purchase agreement but not in the retail installment contract. *Id.* at 552. The plaintiff argued that the MVISCA and the MVSFA prohibited the court from enforcing the arbitration. The court held that *Rugumbwa* and *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321 (W.D.Mich.2000) "stand for the more narrow proposition that claims alleged with regard to the subject matter of a retail installment contract are subject only to those agreements expressly set forth in the installment contract." *Id.* at 554–55. In *Pack*, the plaintiff challenged the seller's performance of warranties in the purchase agreement, not in the retail installment contract. *Id.* Therefore, the arbitration clause did not violate the MVISCA or the MVSFA.[3]

■ As in *Pack*, Plaintiff is not suing to enforce the installment contract. The fact that the arbitration agreement appears in a separate document from the installment contract does not prevent the Court from enforcing the arbitration agreement.

In sum, there are factual issues remaining regarding the forgery issue. Because Plaintiff's other arguments against the arbitration agreement are unavailing, the forgery issue is material to whether Plaintiff can be forced to arbitrate his non-warranty claims. The Court therefore DENIES WITHOUT PREJUDICE the motion to compel arbitration as to the non-warranty claims. The parties shall have sixty (60) days from the date of this Order to conduct discovery on the forgery issue. Within fourteen (14) days after discovery is concluded, the parties shall file motions on that issue. The motions may be to compel arbitration, for an evidentiary hearing, or for other appropriate relief.

## 2. Warranty Claims

The MMWA empowers the Federal Trace Commission ("FTC") to require inclusion in the written warranty of any of the following items among others:

> (7) The step-by-step procedure which the consumer should take in order to obtain performance of any obligation under the warranty, including the identification of any person or class of persons authorized to perform the obligations set forth in the warranty.

> (8) Information respecting the availability of any informal dispute settlement procedure offered by the warrantor and a recital, where the warranty so provides, that the purchaser may be required to resort to such procedure before pursuing any legal remedies in the courts.

15 U.S.C. § 2302(a). Moreover, Congress enabled the FTC to "prescribe rules for determining the manner and form in which information with respect to any written warranty of a consumer product shall be clearly and conspicuously presented or displayed so as not to mislead the reasonable, average consumer ...." 15 U.S.C. § 2302(b)(1)(B). The FTC promulgated 16 C.F.R. 701.3, which requires warrantors to

> clearly and conspicuously disclose *in a single document* in simple and readily

---

**3.** Moreover, the court also concluded that the clause did not violate the MMWA's "one document rule" because a single sales agreement contained both the warranties and the arbitration clause. *Id.* at 555.

understood language, the following items of information:

\* \* \* \* \* \*

(5) A step-by-step explanation of the procedure which the consumer should follow in order to obtain performance of any warranty obligation ...

(6) Information respecting the availability of any informal dispute settlement mechanism elected by the warrantor in compliance with part 703 of this subchapter.

16 C.F.R. 701.3(a) (emphasis added).

In *Cunningham v. Fleetwood Homes of Georgia, Inc.*, 253 F.3d 611 (11th Cir.2001), the Eleventh Circuit ruled that an arbitration agreement in a document separate from the warranty violates the MMWA. There, the plaintiffs' mobile home came with a manufacturer's warranty. *Id.* at 613. The arbitration agreement was a separate document the plaintiffs' executed as part of the sales transaction. *Id.* The court recognized that an integral provision of the MMWA was to remedy consumer confusion by requiring that "all material terms be presented in clear language in a single document. The single document rule reinforces these concerns by requiring warrantors to present all information relevant to the warranty in one place, where it might be easily located and assimilated by the consumer." *Id.* at 621 (citing 40 Fed. Reg. 60,168, 40 Fed.Reg. 60,172, 40 Fed. Reg. 60,175 (Dec. 31, 1975)). After reviewing the MMWA's text and legislative history, the court concluded that to compel arbitration where the arbitration agreement was not in the warranty itself "contravenes the text, legislative history, and purpose of the Magnuson–Moss Warranty Act." *Id.* at 622.

■ *Cunningham* seems to be the only published decision where a court refused to enforce an arbitration agreement be-

cause it was not included in the warranty itself. Nonetheless, its reasoning is persuasive, and this Court agrees that an arbitration agreement in a document separate from the actual warranty violates the MMWA. Therefore, the Court will not compel Plaintiff to arbitrate his warranty claims.

In sum, because the arbitration agreement violates the MMWA's rule that warranty agreements be in one single document, the arbitration agreement (whether or not Plaintiff's signature was forged) is not enforceable as to the warranty claims. Since the Court DENIES the motion to compel arbitration as to these claims, the Court goes on to analyze Defendant's motion for summary judgment on Plaintiff's warranty claims.

**B. Motion for Summary Judgment**

Plaintiff alleges that Defendant breached an implied warranty of merchantability and an express written warranty under state law and the MMWA. Defendant argues that it effectively disclaimed any and all warranties, and therefore the Court should dismiss the claims. Plaintiff does not dispute that his claims for breach of implied and express warranties under the MMWA are dependent upon valid state law warranty claims. *See* 15 U.S.C. § 2301. The Court first turns to the implied warranty claim.

Mich. Comp. Laws § 440.2316 states in part:

(2) Subject to Subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, ...

(3) Notwithstanding subsection (2):

(a) unless the circumstances indicate otherwise, all implied warranties are ex-

cluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty . . .

■ Defendant claims that it effectively excluded all implied and express warranties by its conspicuous disclaimers and the contract's "AS IS" provision. Plaintiff does not argue that the disclaimers are ineffective because they are not conspicuous, properly worded, or the like. Plaintiff responds only that the disclaimers in one of the purchase agreements and the "AS IS" agreement violate the Michigan Motor Vehicle Installment Sales Contracts Act ("MVISCA") and the Michigan Motor Vehicle Finance Act ("MVSFA"), and the disclaimers are therefore unenforceable.

As explained in the previous section, Plaintiff is not suing to enforce the installment contract and therefore it is immaterial that the warranty disclaimers appear in a separate document from the installment contract. Accordingly, because Defendant effectively disclaimed any warranties, this Court GRANTS Defendant's motion for summary judgment as to Plaintiff's warranty claims.

## C. Motion for Sanctions

Plaintiff moved for sanctions against Defendants in his response to the motion to compel arbitration. He argues that Defendants should have immediately withdrawn their motion to compel once Plaintiff's attorney informed them that the signature on the warranty registration was a forgery. Defendants filed a separate response to the motion for sanctions, and in it request that the Court impose sanctions against Plaintiff for requesting Rule 11 sanctions. The Court DENIES both motions because the parties did not follow the proper procedure for requesting sanctions under Fed. R. Civ. Pro. 11.

The procedural requirements of Rule 11 are strict. The rule provides in pertinent part, "If, after notice and a reasonable opportunity to be heard, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Civ. Pro. 11(c).

Subdivision (b) sets forth the various ways in which an attorney or party can transgress the rule. For example, a pleading or other submission violates the rule if it is presented for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. Pro. 11(b)(1). Furthermore, the asserted "claims, defenses and other legal contentions" must be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. Pro. 11(b)(2).

■ The rule contains a "safe harbor" provision which requires the party seeking sanctions to serve the motion upon the opposing party 21 days in advance of filing the motion with the Court. Fed. R. Civ. Pro. 11(c)(1)(A). This allows the party alleged to have violated the rule an opportunity to withdraw the pleading or other submission. Compliance with the safe harbor provision is a mandatory procedural prerequisite to an award under the rule. *Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 384 (6th Cir.1997); *Ridder v. City of Springfield,* 109 F.3d 288, 295 (6th Cir.1997)(award of sanctions reversed where moving party did not comply with the 21 day notice provision).

Moreover, Rule 11 specifically provides that "a motion for sanctions under this rule shall be made separately from other motions or requests ..." Fed.R.Civ.Pro. 11(c)(1)(A). Many cases hold that strict compliance with the rule's requirements are a procedural prerequisite to recovery. *Morganroth & Morganroth*, 123 F.3d at 384; *Elliott v. Tilton*, 64 F.3d 213 (5th Cir.1995); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320 (2d Cir.1995).

Here, both motions were filed as a subsection of a responsive brief, not as separate motions. Moreover, there is no evidence that the parties complied with the safe harbor provision. Accordingly, both motions for sanctions are DENIED.

## IV. Conclusion

Being fully advised in the premises, having read the pleadings and heard oral arguments, and for the reasons set forth above, the Court hereby orders as follows:

(1) Defendants' motion to compel arbitration is DENIED WITHOUT PREJUDICE as to the non-warranty claims. The parties shall have sixty (60) days from the date of this Order to conduct discovery on the forgery issue. Within fourteen (14) days after discovery is concluded, the parties shall file motions on that issue. The motions may be to compel arbitration, for an evidentiary hearing, or for other appropriate relief.

(2) Defendants' motion to compel arbitration is DENIED as to the warranty claim.

(3) Defendants' motion for summary judgment is GRANTED as to the warranty claims.

(4) The motions for sanctions are DENIED.