CROWN CENTRAL PETROLEUM
CORP., Appellant,

v.

Joe JENNINGS and Michael
Dragon, Appellees.

No. 01–86–0192–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 19, 1987.

Daniel A. Hyde, Karl S. Stern, Vinson & Elkins, Houston, for appellant.

Valorie W. Davenport, Stradley, Barnett & Stein, P.C., Rayburn P. Putney, Houston, for appellees.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from the trial court's judgment denying appellant Crown Central Petroleum indemnity for punitive damages assessed against it in favor of appellees, Joe Jennings and Michael Dragon.

Jennings and Dragon sued Crown and Mundy Construction Company for actual and punitive damages. Jennings and Dragon were injured in July 1981, when David Waller, a Mundy employee, drove a forklift into an overhead piperack at Crown's plant. A pipe containing liquified petroleum gas ruptured and exploded, injuring Jennings and Dragon.

Jennings and Dragon settled their claims against Mundy before trial. Jennings settled with Mundy for $50,356.00, and Dragon settled for $13,845.00. The settlement agreements contained provisions requiring Jennings and Dragon to indemnify Mundy against any claims for indemnity by Crown. After Mundy settled with Jennings and Dragon, Crown filed a third-party action against Mundy seeking indemnification for any damages awarded against Crown in the suit brought by Jennings and Dragon.

The suit proceeded to trial in November 1985. In response to special issues, the jury found as follows:

(1) The propane gas line was a dangerous condition which had been created or maintained by Crown;

(2) Crown knew or should have known of the condition;

(3) Crown failed to make the area around and including Pipe Rack D reasonably safe;

(4) The failure was negligent;

(5) The negligence was a proximate cause of the accident;

(6) David Waller was negligent in the operation of the forklift;

(7) The operation of the forklift was a cause of the accident.

The jury awarded Jennings $64,450.00 in actual damages and Dragon $9,380.00 in actual damages.

The jury also found that Crown's failure to make the refinery reasonably safe was the "result of willful or wanton conduct or gross negligence." No issue was submitted concerning Mundy's possible gross negligence. The jury awarded each plaintiff $40,000.00 in exemplary damages against Crown.

After the jury returned its verdict, the trial court entered judgment awarding Jennings and Dragon their actual and punitive damages as found by the jury. The court also calculated that the total jury award, including prejudgment interest, to Jennings for actual damages amounted to $64,-450.00. Pursuant to then Tex.Rev.Civ.Stat. Ann. art. 2212a(2)(d) (since recodified as Tex.Civ.Prac. & Rem.Code §§ 33.011–33.-017 [Vernon 1986]), the court offset the actual damages by the sum paid to Jennings by Mundy in settlement reducing Jenning's award of actual damages to $14,-094.00. The court similarly offset Dragon's actual damages by the amount paid Dragon by Mundy in settlement. This offset resulted in an award of no actual damages to Dragon.

The trial court also found that "on the basis of the verdict of the Jury that questions submitted by Crown Central Petroleum Corporation triggered the indemnity contract between them and Mundy Construction Company. Crown is entitled to indemnity for those damages that were the result of the ordinary negligence of parties other than Crown." The court also concluded that Crown was not entitled to indemnity for punitive damages as "those damages arose solely from the gross negligence of Crown and no other entity."

Crown brings one point of error contending that the trial court erred in failing to order Mundy to indemnify Crown for punitive damages. Jennings and Dragon bring six cross-points that generally urge that the trial court erred in allowing Crown indemnity as to actual damages.

We have concluded that Crown's sole point of error and Jennings' and Dragon's cross-points attacking the trial court's judgment should be overruled and that the judgment, in all respects, should be affirmed.

Crown argues that the literal language of the indemnity agreement between Crown and Mundy required Mundy to indemnify Crown for punitive damages. The pertinent language of the agreement is as follows:

17.0 INDEMNIFICATION AND LIENS

17.1 Contractor agrees to protect, defend, indemnify and hold Owner, its agents, servants, employers, officers, directors, subsidiaries and affiliates, harmless from and against any and all claims, demands, actions liabilities, liens, losses, damages, and expenses, of every kind and character whatsoever, including without limitation by enumeration the amount of any judgment, penalty, interest, court costs and legal fees incurred in connection with the same, or the defense thereof, for or in connection with loss of life or personal injury (including employees of Contractor and of Owner), damage to property (including property of Contractor and of Owner), and without limitation by enumeration all other claims or demands of every character whatsoever directly or indirectly arising out of, or incident to, or in connection with, or re-

sulting from the activities of Contractor, its agents, servants, and employees, or its subcontractors and their agents, servants, and employees, or in connection with the work to be performed, services to be rendered, or materials to be furnished, under this contract, excepting only claims arising out of accidents resulting from the sole negligence of Owner.

The question of whether a contract of indemnity can protect an indemnitee from the consequences of his own gross negligence is one of first impression. Appellant has cited cases that have held that insurance contracts can allow coverage of punitive damages. Such decisions are inapposite to this case; insurance cases involve different rules of construction and different policy considerations. *See, e.g., Home Indemnity Co. v. Tyler,* 522 S.W.2d 594 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (insurer liable for exemplary damages under uninsured motorist provisions as uninsured motorists laws are remedial in nature and should be interpreted liberally); *Dairyland County Mutual Insurance Co. v. Wallgren,* 477 S.W.2d 341 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.) (automobile liability insurance policy affords coverage applicable to exemplary damages as insurance contract is written under provisions of law); *Cedar Rapids v. Northwestern National Insurance Co.,* 304 N.W.2d 228, 230 (Iowa 1981) (insurance policy is a contract of adhesion and its provisions will be construed in a light most favorable to the insured); *State v. Glens Fall Insurance Co.,* 137 Vt. 313, 404 A.2d 101, 105 (1979) (insured had "reasonable expectation" that broad policy language of "all sums" meant "all sums" including punitive damages).

■ The Texas Supreme Court recently adopted the "express negligence doctrine" in *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705 (1987). The express negligence doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under this doctrine, the intent of the par-

ties must be specifically stated within the four corners of the contract. *Id.* at 707.

The express terms of the indemnity agreement between Crown and Mundy excepted "claims arising out of accidents resulting from the sole negligence" of Crown. Thus, if a jury found that Crown was solely negligent, Mundy would not be required to indemnify Crown. The jury in this case found that there was negligence attributable to Mundy, and that Mundy's negligence was a cause of injuries to Jennings and Dragon. The jury did find, however, that only Crown was *grossly* negligent. Appellant seeks indemnity for punitive damages when it was the only party that was found by the jury to be grossly negligent.

■ In construing an indemnity contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Ideal Lease Service, Inc. v. Amoco Production Co.,* 662 S.W.2d 951, 953 (Tex.1983). Under the express negligence standard, this intent must be expressed in specific terms. *Ethyl Corp.,* at 707. To achieve this objective, courts should examine and consider the entire writing in an effort to harmonze and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 518, 243 S.W.2d 154, 158 (1951). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex.1962); *Citizens National Bank v. Texas & Pacific Railway Co.,* 136 Tex. 333, 338, 150 S.W.2d 1003, 1006, *cert. denied,* 314 U.S. 656, 62 S.Ct. 109, 86 L.Ed. 526 (1941).

■ Crown is requesting this Court to interpret the agreement, that specifically *excepts* Crown's *sole negligence* from indemnity by Mundy, to *include* indemnification of punitive damages based on Crown's *sole gross negligence* because of the all encompassing language ("any and all

claims ... damages") of the first part of the paragraph quoted above.

Such an interpretation could not have been intended by the parties. They specifically excluded sole negligence, and it would logically follow that Crown's sole gross negligence would be excluded from indemnity also. This reading was the basis of the trial court's holding that Crown was not entitled to indemnity for punitive damages as "those damages arose solely from the gross negligence of Crown and no other entity." If Crown had sought indemnity for its own gross negligence, such an obligation by Mundy should have been expressed in specific terms.

Because we find that the indemnity agreement at issue did not specifically express an obligation to indemnify Crown for punitive damages resulting from its sole gross negligence, we do not reach the question of whether indemnification of punitive damages (in a non-insurance context) violates public policy.

Appellant's sole point of error is overruled.

Appellee brings six cross-points attacking the trial court's decision requiring Mundy to indemnify Crown and allowing Crown a credit for amounts previously paid in settlement.

■ Appellee's first cross-point contends that the trial court erred in interpreting the language of the contract to require Mundy to indemnify Crown for a claim for actual damages that arose as a result of Crown's grossly negligent conduct. Appellee ignores the fact that the jury found that David Waller, a Mundy employee, was negligent in the operation of the forklift and that the operation of the forklift was a cause of the accident.

Appellee's first cross-point is overruled.

Appellee's second cross-point contends that the trial court erred in interpreting the language of the agreement to require Mundy to indemnify Crown for claims that arose from accidents that were the result of Crown's sole negligence. Appellee's third cross-point argues that the trial court erred in holding that the exception excluding indemnification for "claims arising out of accidents resulting from the sole negligence" of Crown required Crown's indemnification under the contract. Appellee's fourth cross-point urges that the trial court erred in entering a judgment for indemnity absent a finding that Waller's conduct was a proximate cause of the accident. Appellee's fifth cross-point contends that the trial court erred in awarding Crown a credit for amounts previously paid in settlement by Mundy. Appellee's final cross-point asserts that the trial court erred in allowing Crown indemnity because the contract is unenforceable as a matter of law.

The second, third, fourth, fifth, and sixth cross-points are virtually identical to the points of error contained in *Singleton v. Crown Central Petroleum Corp.*, 713 S.W.2d 115 (Tex.App.—Houston [1st Dist.] 1985, writ re'd n.r.e.), an appeal that involved the same accident and the same indemnity agreement.

In *Singleton,* this Court held that (1) the language of the contract meets the clear and unequivocal test and expresses the intended obligation of Mundy to indemnify Crown against the consequences of Crown's own negligence, except for claims arising out of the sole negligence of Crown, 713 S.W.2d at 119; (2) the contract contains no limiting language that restricts Mundy's obligation to indemnify Crown to claims where only Mundy's negligence proximately caused the injury, *id.;* (3) the contract was not unenforceable as a matter of law, *id.* at 121; and, (4) Crown was entitled to credit the face amount of settlement from Mundy from the damages for which it was liable, *id.*

We adhere to our holding in *Singleton.* Appellee's second, third, fourth, fifth, and sixth cross-points are overruled.

The judgment is affirmed.