ACCEPTED
01-15-00194-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 2:12:29 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00194-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 2:12:29 PM
CHRISTOPHER A. PRINE
Clerk

AN Luxury Imports Ltd., AN Luxury Imports GP, LLC, and
United States Warranty Corp.,

Appellants,

v.

D. Scott Southall,

Appellee.

Appeal from the 295th Judicial District Court
Harris County, Texas

**APPELLEE'S BRIEF**

Victor S. Elgohary
State Bar No. 24067587
6406 Arcadia Bend Ct
Houston, Texas 77041-6222
Phone (281) 858-0014
victor@vselgohary.com

Attorney for Appellee

## IDENTIFICATION OF PARTIES AND COUNSEL

The following is a complete list of the names of all parties to the trial court's order and the names and addresses of all trial and appellate counsel as required under Texas Rule of Appellate Procedure 38.1(a).

**Plaintiff in the trial court (Appellee in this Court):**  D. Scott Southall

**Defendants in the trial court (Appellants in this Court):**  AN Luxury Imports Ltd d/b/a/ BMW of Dallas, AN Luxury Imports GP, LLC, and United States Warranty Corp.

**Trial and Appellate Counsel for D. Scott Southall:**

Victor S. Elgohary
State Bar No. 24067587
6406 Arcadia Bend Ct
Houston, Texas  77041
(281) 858-0014

**Trial and Appellate Counsel for AN Luxury Imports Ltd d/b/a BMW of Dallas, AN Luxury Imports GP, LLC, and United States Warranty Corp.:**

George A. Kurisky, Jr.
Johnson DeLuca Kurisky & Gould P.C.
1221 Lamar Street
Suite 1000
Houston, Texas 77010
(713) 652-2525
(713) 652-5130 (Telecopy)

**IDENTIFICATION OF PARTIES AND COUNSEL**......................................................i

**ABBREVIATIONS**....................................................................................iii

**INDEX OF AUTHORITIES** ........................................................................iv

**STATEMENT OF THE CASE** ....................................................................vi

**ISSUES PRESENTED FOR REVIEW** .........................................................vi

**STATEMENT OF FACTS** ..........................................................................1

**SUMMARY OF ARGUMENT** .....................................................................2

**STANDARD OF REVIEW**...........................................................................3

**ARGUMENTS & AUTHORITIES** ..............................................................4

**CONCLUSION** ..........................................................................................9

## Abbreviations

| C.R. | clerk's record filed March 12, 2014 |
|------|-------------------------------------|

# Index of Authorities

## *Cases*

*Brown v. Pac. Life Ins. Co.*,
    462 F.3d 384 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*City of Pinehurst v. Spooner Addition Water Co.*,
    432 S.W.2d 515 (Tex. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cleveland Const., Inc. v. Levco Const., Inc.*,
    359 S.W.3d 843 (Tex.App. – Houston [1st Dist.] 2012, pet. dism'd) . . . . . 3

*Crown Cent. Petroleum Corp. v. Jennings*,
    727 S.W.2d 739 (Tex. App. – Houston [1st Dist.] 1987, no writ) . . . . . . . . 5

*Dorsett v. Cross*,
    106 S.W.3d 213 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) . . . . . 5

*Hamden v. Ford Motor Co.*,
    408 F. Supp. 2d 300 (E.D. Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Kellogg Brown & Root, Inc.*,
    166 S.W.3d 732 (Tex. 2005) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . 6

*J.M. Davidson, Inc. v. Webster*,
    128 S.W.3d 223 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kelley-Coppedge, Inc. v. Highlands Ins. Co.*,
    980 S.W.2d 462 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Myers v. Gulf Coast Minerals Management Corp.*,
    361 S.W.2d 193 (Tex. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ogden v. Dickinson State Bank*,
    662 S.W.2d 330 (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*,
    596 S.W.2d 517 (Tex. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Universal C.I.T. Credit Corp. v. Daniel,*
    243 S.W.2d 154 (Tex. 1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## *Statutes and Regulations*

15 U.S.C. §2302(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

16 C.F.R. § 710.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

## STATEMENT OF THE CASE

This is a consumer case. D. Scott Southall sued AN Luxury Imports, Ltd., its general partner AN Luxury Imports GP, LLC and United States Warranty Corp. alleging that it failed to honor the repair warranty when Southall's Porsche Cayman engine catastrophically failed shortly after his purchase. Southall's claims include breach of contract, breach of warranty, negligence, unfair settlement practices under the Texas Insurance Code, fraud by nondisclosure, negligent misrepresentation as well as violations of the Texas Deceptive Trade Practices Act and Magnuson-Moss Warranty Act. Defendants moved that all claims be abated and referred to arbitration. Based on the motions and evidence presented, the trial court denied all Defendants' requests to compel the case to arbitration.

## ISSUE PRESENTED FOR REVIEW

**Whether the trial court properly denied Defendants' motion to compel arbitration of Southall's claims.**

## STATEMENT OF FACTS

This is a consumer case growing out of D. Scott Southall's ("Southall") purchase of a Porsche Cayman from AN Luxury Imports, Ltd. ("BMW Dallas"). (C.R. 132). As part of that purchase, Southall also acquired a Used Vehicle Limited Mechanical Warranty ("Warranty"). (*Id.*, C.R. 64-67). Less than two months after Southall's purchase, the engine failed. (C.R. 132). Southall made a claim under the Warranty, which BMW Dallas and United States Warranty Corp. ("US Warranty") denied. (C.R. 133). Southall filed suit in the trial court claiming breach of contract, breach of warranty, negligence, unfair settlement practices under the Texas Insurance Code, fraud by nondisclosure, negligent misrepresentation, as well as violations of the Texas Deceptive Trade Practices Act and Magnuson-Moss Warranty Act. (C.R. 133-39).

### PROCEDURAL HISTORY

BMW Dallas answered the suit subject to its right to compel arbitration. (C.R. 13-18). Later, BMW Dallas moved to compel arbitration and to stay or dismiss the lawsuit. (C.R. 19-36). After Southall filed for a default judgment against defendant U.S. Warranty, it e-mailed an answer to Southall, however there is no answer on file with the district clerk. U.S. Warranty then joined BMW Dallas in moving to compel arbitration and to stay or dismiss the lawsuit. (C.R. 98-100). On October 27, 2014, the trial court conducted a hearing

1

on the motions to compel arbitration.  The trial court denied Defendants' Motion to Compel Arbitration. (C.R. 130).  Southall then amended his petition to include claims under the Magnuson-Moss Warranty Act.  (C.R. 131).  Defendants then moved for reconsideration.  (C.R. 141-55).  Ten days later, Defendants filed an appeal with this court.  (C.R. 171).  The trial court held a second hearing on the Motion to Compel Arbitration on April 20, 2015.  The trial court denied the motion a second time on May 7, 2015.

## SUMMARY OF ARGUMENT

The trial court properly denied the motion to compel arbitration.  A party seeking to compel arbitration must establish that there is a valid arbitration agreement.  Here, the agreements give the courts sole and exclusive jurisdiction over a dispute arising under the contract.  Similarly, the Used Vehicle Limited Mechanical Warranty contract stands alone and has no arbitration provision.  Moreover, since the Magnuson-Moss Warranty Act requires that an arbitration provision be disclosed within a written warranty, Southall cannot be compelled to arbitrate his warranty claims.

**STANDARD OF REVIEW**

An order denying a motion to compel arbitration under the FAA is reviewed under an abuse of discretion standard. *Cleveland Const., Inc. v. Levco Const., Inc.*, 359 S.W.3d 843, 851 (Tex.App. – Houston [1st Dist.] 2012, pet. dism'd). In reviewing an order denying a motion to compel arbitration under the FAA, the reviewing court gives deference to the trial court's factual determinations that are supported by evidence and its legal conclusions are reviewed *de novo*. *Id.*

## ARGUMENTS & AUTHORITIES

*I.    The Purchase Agreement signed by the parties provides for exclusive venue and jurisdiction by the trial court, hence Southall should not be compelled to arbitrate his claims.*

Paragraph 17 of the Retail Purchase Agreement provides in part:

The sole and exclusive venue for **_any_** dispute or litigation arising under or concerning this Agreement shall be in the courts located in and for the county in which Dealer is located, and the parties irrevocably consent to the jurisdiction of said courts.  [emphasis added]

(C.R. 31)

The final paragraph of the separate Arbitration Agreement provides in part:

This Agreement is entered into contemporaneously with your Retail Installment Sale Contract . . . .  In the event of a conflict between the terms of this Agreement and those of your Contract, then the terms shall be construed together to the extent possible and only those terms of this Agreement that are in direct conflict with those of the Contract shall be disregarded.  If there is an irreconcilable difference between this Agreement and the Contract such that the two cannot be read together and which renders enforcement of this Agreement impossible or impractical, then the terms of the Contract shall govern.

(C.R. 32)

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument.  *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980);

*City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998); *Universal C.I.T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951); *Crown Cent. Petroleum Corp. v. Jennings*, 727 S.W.2d 739, 741 (Tex. App. – Houston [1st Dist.] 1987, no writ). No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 196 (Tex. 1962); *Crown Cent. Petroleum Corp. v. Jennings*, 727 S.W.2d at 741. In harmonizing provisions, terms stated earlier in an agreement must be favored over subsequent terms. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330 (Tex. 1983); *Dorsett v. Cross*, 106 S.W.3d 213, 220 (Tex. App. – Houston [1st Dist.] 2003, pet. denied).

Here, it is clear from the language in paragraph 17 that the parties to the Retail Purchase Agreement intended to give the courts sole and exclusive jurisdiction over a dispute. Any other interpretation places that provision in direct conflict with the Arbitration Agreement. When there is a conflict between the two contracts, the Arbitration Agreement specifically provides that the Retail Purchase Agreement language prevails. Hence, the jurisdiction of the courts given in the

Retail Purchase Agreement prevails over the provision to arbitrate in the Arbitration Agreement.

For these reasons, Southall should not be compelled to arbitrate his claims under the Retail Purchase Agreement.

***II.    The Warranty agreement between Southall and Defendants contains no arbitration provision; hence Southall should not be compelled to arbitrate his warranty claim.***

A party seeking to compel arbitration must establish that there is a valid arbitration agreement between the parties. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Ordinary principles of contract law determine whether there is a valid agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 738. Generally, only signatories to an arbitration agreement are bound by its terms. *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 398 (5th Cir. 2006).

Here the terms of the Warranty agreement are outlined in a two page document. (C.R. 64-65). One of the acknowledgements provides:

> Purchaser acknowledges and agrees that these terms and conditions are a complete statement of coverage and rights under this Limited Mechanical Warranty and that Purchaser is not relying on any writings other than this Limited Mechanical Warranty or any representations or promises other than those made in this Limited Mechanical Warranty.

(C.R. 64)

Nowhere in the Warranty agreement is there an arbitration provision, hence, Southall should not be compelled to arbitrate his warranty claims against either BMW Dallas or US Warranty Corp.

Even if the Warranty agreement can somehow be read together with the Arbitration Agreement, Defendants should not be permitted to compel arbitration of Southall's warranty claims because the Warranty agreement itself does not comply with the Magnuson-Moss Warranty Act.

The Magnuson-Moss Warranty Act states in part:

> In order to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products, any warrantor warranting a consumer product to a consumer by means of a written warranty shall, to the extent required by rules of the Commission, fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty.

15 U.S.C. §2302(a)

The Federal Trade Commission rules require that certain terms be clearly and conspicuously disclosed "in a single document in simple and readily understood language." 16 C.F.R. § 710.3(a).  The Eleventh Circuit in *Cunningham* found that the FTC's "comprehensive disclosure requirements . . . are an integral, if not the central, feature of the Act." *Cunningham v. Fleetwood Homes of Ga., Inc.*,

253 F.3d 611, 621 (11th Cir. 2001); see also *Hamden v. Ford Motor Co.*, 408 F. Supp. 2d 300 (E.D. Mich. 2004).  The *Cunningham* court held that a warrantor may not force a consumer into arbitration when the arbitration requirement is not disclosed in the warranty itself.  *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d at 623.  This single document requirement is significant, because it means an arbitration clause cannot be included in another document.  Instead, it must be disclosed in the actual written warranty.  That is because compelling arbitration when such a provision is not referenced in the warranty itself presents an inherent conflict with the Act's purpose of providing clear and concise warranties to consumers.  *Id.* at 621.

Here, the Used Vehicle Limited Mechanical Warranty agreement contains no arbitration provision as required under the Magnuson-Moss Warranty Act.  (CR 64-65).  Therefore, since the Defendants have not complied with the Magnuson-Moss Warranty Act with respect to the arbitration disclosure requirement in the Warranty agreement, this Court should affirm the trial court's denial of Defendants' motion to compel arbitration.

**CONCLUSION**

This Court should affirm the trial court's orders denying Defendants' arbitration demands and tax costs of appeal against Defendants, jointly and severally.

Respectfully submitted,

_Victor Elgohary_

VICTOR S. ELGOHARY
State Bar No. 24067587
6406 Arcadia Bend Ct
Houston, Texas 77041-6222
Phone (281) 858-0014
victor@vselgohary.com

Attorneys for Appellee, D. Scott Southall

## CERTIFICATE OF SERVICE

I certify that a copy of Appellee's Brief was served on AN Luxury Imports Ltd., AN Luxury Imports GP, LLC, and United States Warranty Corp, Appellants, through its counsel of record, George A. Kurisky, Jr., Johnson DeLuca Kurisky & Gould P.C., 1221 Lamar Street, Suite 1000, Houston, Texas 77010 on 18 May 2015.

_____
VICTOR ELGOHARY

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel, in reliance upon the word count of the computer program used to prepare this document, certifies that this brief contains 1,407 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(1).

_____
VICTOR ELGOHARY